UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ ELSA CRUZ, also known as, EDGAR OMAR CHAVEZ CRUZ,<br><br>  Petitioner,<br><br>v.<br><br>CHRISTOPHER G. LAROSE, et al.,<br><br>  Respondents. | Case No.: 3:25-cv-03742-CAB-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING HABEAS PETITION [Doc. No. 1]; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2].** |

Pending before the Court is Luz Elsa Cruz's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and motion for a temporary restraining order ("TRO"), [Doc. No. 2]. Petitioner argues that her detention by Immigration and Customs Enforcement ("ICE") violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). She principally seeks immediate release. [Petition at 15.] Respondents filed a response to the Petition. [Doc. No. 5.] Petitioner did not file a traverse. For the following reasons, the Court **GRANTS** the request for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to her December 18, 2025 re-detention.

1

## I.  BACKGROUND

Petitioner is a Mexican national who first entered the United States before 2004. [*See* Petition at 8.]  In 2004, she was convicted of false personation under California Penal Code § 529(a)(3) and was taken into ICE custody following her state prison sentence. [Doc. No. 5 at 2.]  She was ordered removed to Mexico on August 31, 2004 and removed to Mexico that day.  [*Id.*]  Petitioner later re-entered the United States and was arrested for public intoxication in 2010.  [*Id.*]  ICE reinstated her prior removal order but granted Petitioner withholding of removal to Mexico after approximately seven months in ICE detention.  [Petition at 9; Doc. No. 5-1 at 2 (detailing ICE detention from April 14 – November 8, 2010).]  Petitioner was placed on an order of supervision and complied with her annual check-ins for the ensuing fifteen years.  [Petition at 9.]

On November 20, 2025, Petitioner attended her ICE check-in and was referred to receive an ankle monitor through the Intensive Supervision Appearance Program (ISAP). [Petition at 9.]  She was called back into the ISAP office for a check-in on December 18, 2025, arrested, and given a notice that her order of supervision was being revoked.  [*Id.* at 10.]  The notice stated:

> [The decision to revoke your order of supervision] has been made based on a review of your official alien file and a determination that there are changed circumstances in your case.  ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you.  ICE will attempt removal to a third country."

[Doc. No. 5-2 at 10.]  As of January 2, 2026, Respondents aver that "ICE is still in the process of identifying third countries that may be willing to accept Petitioner for removal." [Doc. No. 5-1 at 2.]

## II.  LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of

demonstrating that she is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

### III. DISCUSSION

#### A. Jurisdiction

Respondents argue that "[t]o the extent Petitioner's claims arise from—or seek to enjoin—the decision to execute her removal order, they are jurisdictionally barred by 8 U.S.C. § 1252(g)." [Doc. No. 5 at 3.] While Petitioner challenges the lawfulness of her continued detention, she does not substantively challenge ICE's decision to remove her to an appropriate country. [*See generally* Petition.]

Moreover, holdings from the Supreme Court and the Ninth Circuit squarely contradict Respondents' attempt to limit this Court's jurisdiction. In *Zadvydas*, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." 533 U.S. at 687–88.

The Court is thus satisfied of its jurisdiction and proceeds to the merits.

#### B. Petitioner's *Zadvydas* Claim

Petitioner asserts that her detention is unlawful under the Supreme Court's *Zadvydas* decision. [Petition at 12.] When a noncitizen is found to be unlawfully present in the United States and a final order of removal is entered, the government ordinarily secures the noncitizen's removal during a subsequent 90-day statutory "removal period." 8 U.S.C. § 1231(a)(1)(A). After that 90-day removal period expires, 8 U.S.C. § 1231(a)(6) allows further discretionary detention for inadmissible or criminal noncitizens. However, the Supreme Court held in *Zadvydas* that this discretionary detention authority does not "authorize indefinite, perhaps permanent, detention" and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [8 U.S.C. § 1231(a)(6)]." 533 U.S. at 699. The Court fixed the time of a presumptively reasonable period of post-removal order detention at six months. *Id.* at 701. After this period, once

a Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner thus has the initial burden to show that (1) she has experienced post-removal order detention for more than *Zadvydas*' six-month presumptively reasonable period and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Here, Petitioner was ordered removed in 2004 and was detained by ICE from April–November 2010, satisfying the first prong. The Court also finds that Petitioner satisfies the second prong and Respondents have not sufficiently rebutted that showing. Petitioner has withholding of removal to Mexico and Respondents have not yet even identified a third country for removal, let alone begun the process required to do so. The only evidence Respondents offer of ICE's efforts are that "ICE has worked as expeditiously as possible to identify a third country to which Petitioner may be removed" and "ICE is still in the process of identifying third countries that may be willing to accept Petitioner for removal." [Doc. No. 5-1 at 2.]

These kind of vague assertions are even flimsier than the kind of evidence that this Court and many others have found insufficient to show a significant likelihood of removal in the reasonably foreseeable future. *E.g. Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (finding the processing of a travel document insufficient because the government had "not identified what concrete steps ICE has taken to process" the document nor whether the request was submitted to the removal country).

Respondents also do not provide any facts or arguments to demonstrate that unless Petitioner remains detained, she is unwilling or unable to provide the information needed for Respondents to pursue her removal. Respondents similarly do not provide any facts or

argument that when Respondents are able to secure the necessary documentation to effect Petitioner's removal to an appropriate country, that Petitioner will not comply.

The time to detain Petitioner for purposes of removal, either under the statutory 90-day removal period or the 6-month *Zadvydas* period, has long passed.  Absent the Court's intervention, Petitioner may remain in ICE detention for an indeterminate time, which is contrary to settled law under *Zadvydas*.  The Court therefore **GRANTS** the writ of habeas corpus.

## IV.    CONCLUSION

Based on the foregoing, Petitioner's request for a writ of habeas corpus is **GRANTED** such that the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to her December 18, 2025 re-detention.  The Court **DENIES** the motion for a TRO as moot.

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: January 14, 2026

Hon. Cathy Ann Bencivengo
United States District Judge